DUCKER, JUDGE:
Claimant, Hubert Walton, Jr., of Route 7, Marietta, Ohio, a 41 year old employee for over 19 years of the Union Carbide Corporation, Ferroalloys Division in Marietta, alleges damages in the sum of $5,000.00, because on May 7, 1969, he had a portion of the distal phalanx of the middle finger of his left hand cut off by a saw which he was operating as a patient taking a woodworking course or program of the alcoholic unit of Vocational Rehabilitation of the Spencer State Hospital at Spencer, West Virginia.
Claimant had become addicted to the use of alcohol, and upon the recommendation of his employer entered voluntarily the Spencer State Hospital in order to obtain aid for recovery from such addiction.
*201 Claimant was offered several courses in the Hospital to keep him occupied part time, and he chose shop work. He told those in charge at the Hospital that “he had had a lot of shop work in school and on my (his) own” and as stated by him, “so they let me handle wood.” He testified that as he was ripping out one piece of board to fit on the back side of a bird house he was making and as he was sawing half way through the board “it kicked back” and carried his hand up and cut off his finger. Loss of strength in his hand and loss of time from work at his regular employment are claimed to by claimant.
Respondent introduced evidence to show that claimant with others was instructed as to the use of the saw in question and that there was nothing defective about the saw, that it was safer without a guard on it than with one, and that there was no negligence in either the instructions given claimant or any lack of instructions, particularly in view of claimant’s own representation that he had done a lot of shop work and respondent’s evidence that claimant said he had operated most of the machines in the shop and that claimant had been given instructions on how to operate the machines. Nor was there anything unusual about the piece of wood which had already been sawed once and was being re-sawed to make two pieces of it. Furthermore, it was shown that claimant had been assigned to the shop approximately twelve days, of which seven or eight were class days, before the accident happened.
The evidence in this case does not show negligence on the part of the respondent either in the operation of the woodworking shop or in respondent’s instruction to the patients, or any lack of adequate instruction. It is common knowledge that a saw in proper condition and properly operated will do what it is made for, but when improperly used may cause damage. We can only conclude that the loss by claimant of a part of his finger was due to his own improper operation and negligence for which he alone is responsible.
We are, therefore, of the opinion that the claim should be, and the same is hereby disallowed.
Claim disallowed.